IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

KELVIN GASSAWAY,           )
TDCJ #1461005,             )
    Plaintiff,      )
                       )           Civil No. 7:12-CV-019-O
v.                         )
                       )
DR. ROBERT BRIMMER, *et al.*, )
    Defendants.     )

MEMORANDUM OPINION AND ORDER

Came on this day to be considered Defendants Brimmer and Norwood's Motion for Summary Judgment with Brief in Support and the Court finds and orders as follows:[1]

This is an action brought pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. *See* Amended Complaint. Defendants are Dr. Robert Brimmer, a psychiatrist at the Allred Unit, and Tommy Norwood, the Allred Unit Medical Administrator. *Id.* at pp. 1-2.

Plaintiff claims that Dr. Brimmer unlawfully denied him medical treatment for severe psychiatric disorders. *Id.* at pp. 2-3 & 6-8. Plaintiff claims that Defendant Norwood failed to intervene on his behalf after he filed a grievance complaining of the alleged unlawful conduct of Brimmer. *Id.* at pp. 2 &4.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate

---

[1] Plaintiff has not filed a response to Defendants' motion for summary judgment.

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Defendants do not dispute Plaintiff's claim that he has mental health issues. *See* Defendants' Motion for Summary Judgment. However, they argue that Dr. Brimmer was not deliberately indifferent to Plaintiff's need for psychiatric care, that Plaintiff failed to exhaust his administrative remedies against Tommy Norwood, and that they are entitled to qualified immunity from suit because their actions were reasonable under the circumstances. *Id.*

A review of the summary judgment evidence submitted by Defendants reflects that Plaintiff was seen by medical care providers at the Allred Unit on numerous occasions. Defendants' Motion for Summary Judgment, Exhibit A, Plaintiff's Medical Records. The Court has reviewed Plaintiff's medical records and the affidavits submitted to the Court by Defendants. A brief summary of

Plaintiff's psychiatric treatment by Dr. Brimmer for the time period relevant to the issues in this lawsuit is set forth in Dr. Brimmer's affidavit as follows:

> Between June 2011 and October 2011, I saw Plaintiff several times for Plaintiff's complaints of psychological problems. Plaintiff was monitored regularly by mental health providers. On June 27, 2011, I saw Plaintiff for a mental health psychiatric evaluation. During this visit Plaintiff requested that his psychotic medications be renewed for a new prescription. I did not renew his prescription for psychotic medications because in my professional expertise this patient did not have a diagnosis that was known to respond to psychiatric medications. In fact, based on my medical experience and medical visits with Plaintiff I found Plaintiff to be drug seeking and malingering. As a medical doctor, I am required to do my evaluation and formulate a diagnosis and treatment. Therefore, based on my mental health evaluation of Plaintiff, it was not necessary to continue Plaintiff's psychiatric medications.

Defendants' Motion for Summary Judgment, Exhibit D.

Plaintiff's medical records reflect that he was seen by psychiatric care personnel at the Allred Unit on a regular basis. *Id.* at Exhibit A. The list of medications prescribed for Plaintiff at the Allred Unit reflects that he was being treated with medications commonly used in patients with cardio-vascular disease, skin conditions, gastro-intestinal problems, seizure disorders, pain and inflamation, allergies, diabetes, high cholesterol, bronchial spasms, fungal infections, and hemorrhoids. *See id.* at p. 13. The records reflect that there was concern related to the possibility of self-harm by Plaintiff and that this issue and other psychiatric issues were closely monitored by psychiatric care providers. *Id.* at pp. 11, 13, 17, 18 & 19. The records further reflect Defendant Brimmer's belief that Plaintiff did not suffer from a psychiatric condition that was treatable with the medications sought by Plaintiff. *Id.* at p. 15; Defendants' Exhibit B at p. 11. Rather, Dr. Brimmer believed that Plaintiff was malingering and seeking drugs. Defendants' Exhibit B at p. 9. Instead of providing the pharmaceutical therapy sought by Plaintiff, medical care personnel provided other

coping mechanisms such as cognitive behavioral therapy ("CBT") strategies that seemed to help

Plaintiff's mental state.  Defendants' Exhibit A at pp. 12, 14 & 16.

The summary judgment evidence indicates that Plaintiff was seen, evaluated, and treated

multiple times for his psychiatric conditions.  The evidence demonstrates that Plaintiff was not

denied medical care, rather, he disagreed with the nature of the care provided.  A disagreement over

the nature of medical care provided does not rise to the level of a constitutional violation.  *See*

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752 (5th Cir. 2001) (finding psychiatrist's

incorrect diagnosis of inmate who committed suicide did not rise to the level of deliberate

indifference).

To the extent, if any, that Plaintiff states a claim for medical negligence, he cannot prevail

in this lawsuit.  Allegations of negligence do not present a cognizable basis for relief under the Civil

Rights Act. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding that negligence is not actionable

under § 1983); *Davidson v. Cannon*, 474 U.S. 344 (1986) (same).  Plaintiff has presented no

evidence which could demonstrate that the actions of Defendants violated his constitutional right to

medical care.

Defendants have asserted the defense of qualified immunity.  The Court finds that, base upon

the evidence presented, the medical care provided by Defendants was objectively reasonable under

the circumstances.  As such, Defendants are entitled to qualified immunity.[2]

---

[2] Government officials are entitled to qualified immunity from suit when performing discretionary functions unless their conduct violated statutory or constitutional rights, clearly established at the time of the alleged incident, of which a reasonable person would have known. *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995).

Defendant Norwood seeks dismissal of Plaintiff's claims against him for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Even where an inmate seeks monetary damages, which may not be available through prison grievance proceedings, exhaustion is a prerequisite to filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). When a prisoner fails to exhaust his administrative remedies without any valid excuse, a court may enter judgment as a matter of law. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).

The Texas Department of Criminal Justice provides a formal two-step procedure under which inmates must present their grievances in order to exhaust administrative remedies. *Id.* at 890-91. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. *Id.* After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 1 of the process, which may be the warden, facility administrator or health administrator. *Id.* Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Correctional Institutions Division of the TDCJ. *Id.* After an investigation, the department grievance investigator prepares a report and makes a recommendation to the final

decision maker for Step 2 of the process, which is the director, deputy director, regional director, or assistant director. *Id.*

The Fifth Circuit Court of Appeals has adopted a strict approach to the exhaustion requirement. *See Ferrington v. La. Dep't of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (finding that blindness did not excuse the plaintiff from exhausting administrative remedies); *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Parker v. Adjetey*, No. 03-40787, 2004 WL 330866 *1 (5th Cir. Feb. 20, 2004) (rejecting a claim of exhaustion based on an inmate's coma because, after he recovered, he made no attempt to file a grievance). However, administrative remedies may be deemed unavailable where (1) an inmate is unable to file a grievance because of physical injury and (2) the inmate attempts to exhaust administrative remedies by filing a grievance as soon as the injury improves, but the grievance is rejected as untimely. *Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003).

In the instant case, the evidence before the Court reflects that, in two of his Step 2 grievances, Plaintiff raised complaints dealing with Defendant Norwood's responses to his Step 1 grievances. Defendants' Exhibit B at pp. 32 & 36. However, Plaintiff failed to submit Step 1 and Step 2 grievances against Norwood that deal with the medical care claims presented in the instant case. Prison grievances are considered sufficient only where they give officials a fair opportunity to address a problem that will later form the basis of a lawsuit. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004). Because Gassaway failed to identify Norwood in the grievances relating to his claim that he was denied medical care, his claims against Norwood must be dismissed. *See id.;*

*Richardson v. Spurlock,* 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of a claim for failure to exhaust after the inmate "incorrectly filed an administrative appeal instead of a disciplinary appeal").

Finally, Plaintiff claims that his rights under the Americans with Disabilities Act ("ADA") were violated by Defendants. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (1990). To prove a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual, (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *See e.g., Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004); *Cole v. Velasquez*, 67 Fed. Appx. 252 (5th Cir. 2003); *Lightbourn v. County of El Paso*, 118 F .3d 421, 428 (5th Cir. 1997).

In the instant case, Plaintiff makes no claim that he was discriminated against because of his alleged disability and he has provided no evidence of any such discrimination. *See* Amended Complaint at p. 5. Rather, he simply alleges that his rights under the ADA were violated because he has no evidence demonstrating that the Texas Department of Criminal Justice is in compliance with the ADA. *Id.* Absent a claim of discrimination because of his alleged disability, Gassaway cannot prevail on a claim under the ADA. *See Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574 (5th Cir.2002) (holding that a plaintiff must show intentional discrimination base upon disability to recover under the ADA). Moreover, because Gassaway has failed to show that he was denied

-7-

medical care, it follows that he cannot show that Defendants discriminated against him by denying him medical care.

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991).  Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law.  *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994).  The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial.  *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate.  *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing

that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50.  Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).  In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  In the absence of any proof, however, the court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988).  However, "the [court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact.  Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in the instant case establishes that there are no genuine issues of material fact and that Defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, it is ORDERED that Defendants Brimmer and Norwood's Motion for Summary Judgment is GRANTED and Plaintiff's complaint is DISMISSED with prejudice.

SO ORDERED this 31st day of March, 2014.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**